**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MALAK BAALIM, *a.k.a.* NORBERT K.O. CODY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:22-cv-00034-ACL |
| PRESERVATION HALL LLC, et al., ) ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Malak Baalim, a.k.a. Norbert K.O. Cody, for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the St. Louis City Justice Center in St. Louis, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983,[1] naming Preservation Hall LLC, Union Realty LLC, and John Doe as defendants. Preservation Hall and Union Realty are sued in their individual capacities, while the capacity of defendant Doe is

---

[1] Plaintiff also asserts that his claims implicate 28 U.S.C. § 1335, regarding the jurisdiction of federal district courts over "any civil action of interpleader or in the nature of interpleader," and 28 U.S.C. § 1346, governing civil actions where the United States is a defendant. He does not provide any support for the proposition that either of these statutory sections have any bearing in this case. Therefore, the Court will analyze this action solely under 42 U.S.C. § 1983.

not indicated. (Docket No. 1 at 2-3). Plaintiff accuses defendants of breach of contract and of filing a false police report that resulted in his arrest.

In the "Statement of Claim," plaintiff asserts that on November 18, 2020, real estate agent Chris Broc of Union Realty made a "verbal contract" to sell him property located at 1921 South 9th Street in St. Louis for $1,200,000. (Docket No. 1 at 3). He states that this was $205,000 over Broc's asking price, and that Brock told him that he would "produce the contract within 2 days." (Docket No. 1 at 3; Docket No. 1-1 at 1). Plaintiff alleges that Brock breached "the verbal contract by not producing the contract and [choosing] not to answer [his] calls or respond back to [his] messages about the contract he promised." (Docket No. 1 at 3). Later, plaintiff states he found out that Broc defamed his character by giving "false reports" to the St. Louis Police Department, which arrested him.

Before he was arrested, plaintiff asserts that he "wrote [his] own contract proposal to purchase the property…and mailed it [via] registered mail directly to Preservation Hall." Along with this contract, plaintiff claims that he included "a check for $1,200,000 from [his] private Busey Bank account."[2] He also purports to have sent a document on "bank letterhead highlighting [his] status as the authorize[d] signer of the account holder Norbert KO Cody II," along with a "negotiable instrument accepting the $1,200,000…for value pledged under HJR 192[,] now public law 73[,] to ensure payment."[3] Plaintiff states that he gave defendants "the option to decline the contract proposal by mailing back [his] instrument with a decline letter or to deposit the instrument accepting the contract and…to mail [him] the keys and title."

---

[2] Despite alleging that he sent a check to Broc for $1,200,000, plaintiff has filed a motion for leave to proceed in forma pauperis in which he states that he receives no income, has no assets, and has no money in a checking or savings account. (Docket No. 2).

[3] HJR 192 refers to House Joint Resolution 192 of 1933, which involved the suspension of the gold standard. *See Lemeur v. Daniels*, 2010 WL 2802335, at *2 (W.D. Ark. 2010).

The Court notes that plaintiff has submitted certain exhibits to the Court, including one purporting to be the "Negotiable Instrument" sent to Preservation Hall, and another titled "Affidavit of Truth." (Docket No. 5-1 at 4-5). In the "Affidavit of Truth," plaintiff informs Preservation Hall that he has assumed "the property as collateral for" a partial remedy to a Federal Tort Claim Act he filed where "Preservation Hall LLC is a named debtor." (Docket No. 5-1 at 5). He further states that he has "filed an allodial title" with the Missouri Secretary of State, "claiming the land…as indigenous land." Plaintiff offers "payment of $1,200,000.00 as a sign of good faith," but threatens to charge Preservation Hall with "violations of [the] Uniform Commercial Code" if his instructions are not followed. He also insists that a failure to follow his instructions would amount to a "[denial] of due process" obligating Preservation Hall to pay him "two hundred million lawful US silver dollars."

According to plaintiff, defendants kept his "instruments," thereby "accepting the contract," but did not mail him the keys and title. (Docket No. 1 at 3). In particular, he alleges that Preservation Hall "became the holder in due course of [his] instruments," because they did not mail them back "nor state they decline the offer." (Docket No. 1-1 at 2). Plaintiff notes that if "they have lost the instruments they are in dereliction of duty as they were to process the check for payment." (Docket No. 1 at 3-4). He states that "the registered mail shows they have indeed receive[d] the contract proposal and instruments." Plaintiff also asserts that the police probable cause statement "says they still have the check" and are "accusing [him] of sending a bad check," though it "was never processed to prove that." (Docket No. 1 at 4). He contends that "the check is indeed [a] good check" and that he has "the authority to accept the $1,200,000 for value."

Plaintiff alleges that defendants' actions have resulted in him being "held in detention in the custody of the department of corrections, and [has] kept [him] from obtaining [his] property,"

4

resulting in loss of financial gain, as well as "lost family, business, and personal relationships."[4] He also claims that he has suffered emotional distress, that he has been unlawfully charged and detained, that he has been denied adequate healthcare, that he has been "maced in the eye," that he has seen a lot of fights while in jail, that he has been on lockdown, and that he shares a small cell with a complete stranger. (Docket No. 1 at 5). As a result, plaintiff seeks quiet title to the property at 1921 South 9th Street, and to be declared the "chief sole owner of the property," with the "ejectment [of] anyone on the property for [his] satisfaction." (Docket No. 1 at 6). He further requests $10,000 in damages per day for each day he "was held in custody."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing defendants of breaching a contract for the sale of property, and of filing a false report to have him arrested. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Elements of a 42 U.S.C. § 1983 Action

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct

---

[4] Plaintiff invites the Court to review his state court cases on Case.net, Missouri's online case management system. Review of these cases indicate that a criminal complaint was filed against plaintiff on February 26, 2020, charging him with second-degree burglary, attempted stealing, first-degree harassment, and second-degree harassment. *State of Missouri v. Cody*, No. 2022-CR02131 (22nd Jud. Cir., St. Louis City). On March 18, 2021, he was indicted by a grand jury. *Missouri v. Cody*, No. 2022-CR02131-01 (22nd Jud. Cir., St. Louis City). The case is currently pending the results of a mental health examination. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

5

deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Thus, to survive initial review, plaintiff's complaint must contain sufficient allegations to establish that defendants acted under color of state law, and that they violated his constitutional rights.

### B. Defendants Are Not Alleged to Have Acted Under Color of Law

As noted above, a defendant can only be held liable under 42 U.S.C. § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

A private party can be held liable under 42 U.S.C. § 1983 if it acts under color of law. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

6

In this case, Preservation Hall LLC and Union Realty LLC are both alleged to be private businesses.[5] Specifically, Preservation Hall is purported to be the seller of the property at issue, and Union Realty the real estate agency that is handling the sale. Obviously, neither defendant is a governmental entity, and neither is alleged to have exercised power derived solely from the authority of state law. Furthermore, plaintiff presents no facts showing that either business was "a willful participant in joint activity with the State or its agents," or that there was "a mutual understanding, or a meeting of the minds," between defendants and a state actor. To the extent that plaintiff accuses defendants of filing a false report with the police, the Court notes that a private party's mere invocation of state legal procedures is not sufficient to demonstrate joint participation with state officials to satisfy the requirement under 42 U.S.C. § 1983 that a party act under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982).

For all the reasons discussed above, plaintiff has failed to demonstrate the existence of the first element of a 42 U.S.C. § 1983 action. Therefore, the claims against defendants must be dismissed.

**C. Failure to Allege a Constitutional Violation**

Even if defendants had been alleged to have acted under color of state law, plaintiff has still failed to demonstrate a violation of his constitutional rights, as required to support a 42 U.S.C. § 1983 action. *See Wong*, 820 F.3d at 934 ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States"). Indeed, "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive

---

[5] Defendant John Doe is mentioned in the caption, but appears nowhere else in the complaint. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations).

7

individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). *See also Beeks v. Hundley*, 34 F.3d 658, 661 (8th Cir. 1994) (stating that "the central purpose of § 1983 is to provide compensatory relief to those deprived of their federal rights by state actors").

With regard to plaintiff's allegations that defendants breached a contract, plaintiff has failed to show how this act violated his constitutionally-protected federal rights. Indeed, a breach of contract does not generally give rise to a constitutional claim. *See Dover Elevator Co. v. Arkansas State University*, 64 F.3d 442, 446 (8th Cir. 1995) ("It is well established that a simple breach of contract does not rise to the level of a constitutional deprivation"). Moreover, as discussed above, defendants are not state actors, so there is no possibility that plaintiff's alleged contract might have given him a protectable property interest.

As to plaintiff's claim that defendants filed a "false report," plaintiff provides no facts to support the proposition that defendants made a report that was intentionally inaccurate.[6] In the absence of any facts, plaintiff is left with a bare conclusion, which is not sufficient to state a claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a

---

[6] In his complaint, plaintiff asks the Court to review the filings in his state court cases, including the probable cause statement. Having reviewed the probable cause statement, the Court observes that rather than providing support for plaintiff's allegations, it contradicts his claims and undercuts his premises. In particular, the probable cause statement provides that plaintiff "toured" the property at 1921 South 9th Street with a sales agent, "during which [time] he claimed that he already owned the building but asked for a sales contract." Plaintiff also told the agent "that things would be easier" if the agent "just gave [him] the keys." The agent refused to give plaintiff the keys, at which point plaintiff "photographed the agent's car and vehicle identification number and warned that if he did not receive a contract [he] would put a lien on the property, begin the foreclosure process[,] and make the agent's life difficult." Plaintiff subsequently "contacted Ameren and caused the electric service to be placed in his own name." He attempted to cancel security "services at the property." "When the proprietor of the security firm refused, [plaintiff] made threatening calls, sent emails, mailed an invalid check[,] and left a threatening voicemail." Plaintiff also "provided invalid UCC financial statements, invalid checks[,] and made a series of threats to facilitate the transfer of title to the Preservation Hall property." Ultimately, plaintiff was arrested after "motion detectors inside Preservation Hall activated the alarm," and plaintiff was found standing in front of the building. Following his arrest, plaintiff asserted that he was "a sovereign citizen" and rejected "governmental authority."

right to relief above the speculative level"); and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

For these reasons, even if plaintiff had properly alleged that defendants acted under color of state law, his claims would be subject to dismissal for failure to establish a constitutional violation.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 6). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of March, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE